IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LAMAR "YAKA" JEFFERSON, ET AL., §<br>*Plaintiffs*, §<br>§<br>v. §<br>§<br>BILIERAE JOHNSON, ET AL., §<br>*Defendants*. § | CIVIL CASE NO. 3:25-CV-428-X-BK |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation in this case. (Doc. 12). Objections were filed. (Doc. 14). The court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. Even if the Court agreed with the plaintiff that *Rooker Feldman* doesn't apply, res judicata does.[1] As a result, the Court **DISMISSES WITH PREJUDICE** this suit.

---

[1] As a result, res judicata requires: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). All three elements are present here. First, the Dallas Court of Appeals affirmed the trial court's dismissal with prejudice of the Jefferson's claims. *Jefferson v. Bazaldua*, No. 05-23-00938-CV, 2024 WL 3933886, at *4 (Tex. App.—Dallas, Aug. 26, 2024, no pet.). The parties in the state action include the Jeffersons as plaintiffs. The defendants in the first suit were Mayor Eric Johnson, Carolyn King Arnold, Tennell Atkins, Omar Narvaez, Jaime Resendez, and Adam Bazaldua. Each of those defendants are defendants in this suit, plus some other Dallas officials. Here, the new defendants share privity with the old ones in that all the Dallas officials and election administrators hold the same interest in the litigation: the upholding of the Dallas election. And here too, the subject matter of both cases is the same: the legitimacy of the Dallas city election. So even if *Rooker Feldman* didn't bar the claim, res judicata would.

**IT IS SO ORDERED** this 15th day of September, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE